**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-00386-JLK

Maiva Maree,
*Individually and on behalf of all others similarly situated*,

        Plaintiffs,

v.

Wyndham Vacation Resorts, Inc. and Doe Individuals,
*Inclusive, and each of them,*

        Defendants.

---

**DEFENDANT WYNDHAM VACATION RESORTS, INC.'S MOTION TO DISMISS
PLAINTIFF'S SECOND CAUSE OF ACTION**

---

Defendant Wyndham Vacation Resorts, Inc. ("Defendant") hereby moves to dismiss the Second Cause of Action of Plaintiff Maiva Maree's ("Plaintiff") Complaint (Dkt. 1)[1] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1] As Plaintiff likely now recalls, most of the factual allegations of her Complaint are incorrect. Several weeks ago, Defendant provided Plaintiff with detailed information identifying that (1) Plaintiff stayed at a Wyndham hotel in Pennsylvania on July 28, 2017; (2) Plaintiff is a Wyndham Rewards Member and agreed to Terms of Service and a Privacy Policy wherein she expressly consented to receive calls regarding, among other things, promotional information; and (3) Plaintiff never told Defendant to stop calling her, and never revoked her consent to be called. Defendant is mindful of the limitations of a motion under Rule 12(b)(6), yet these facts will ultimately be dispositive of each of Plaintiff's claims.  While it appears likely that Plaintiff still intends to pursue her Second Cause of Action (the target of this motion), her First Cause of Action should be voluntarily dismissed because of her established business relationship with Defendant within 18 months of the alleged calls, and her Third Cause of Action should be voluntarily dismissed because having never asked not to be called, she has no basis to contend that Defendant does not maintain an internal "Do Not Call" list.  Defendant has repeatedly

## INTRODUCTION

Plaintiff contends that she received unwanted calls from Defendant on her cellular phone in violation of the Telephone Consumer Protection Act ("TCPA"). She does not allege that she received a significant number of calls—only one call on November 30, 2017, and one other call at some unspecified date. She does not allege that she answered the calls and that there was a delay before the caller spoke. She does not allege that she answered the calls and was given a prerecorded message. She does not even allege *whether or not* she answered the calls at all. Similarly, Plaintiff does not allege that the caller left a message after a delay. Nor does she allege that the caller left a prerecorded message. Again, she does not even allege *whether or not* the caller left a message in either instance. Thus, notwithstanding her counsel's conclusory and boilerplate recitations of the elements of a TCPA claim, Plaintiff has failed to plausibly allege that Defendant called her using an automatic telephone dialing system ("ATDS") or prerecorded voice. As the use of an ATDS or prerecorded voice is a core element of Plaintiff's Second Cause of Action, this claim should be dismissed.

## PLAINTIFF'S ALLEGATIONS

At the very start of her Complaint, Plaintiff acknowledges that she makes two types of allegations: (1) allegations on personal knowledge based on her own acts and experiences; and (2) allegations on information and belief purportedly based on information known only to her counsel. (*See* Complaint at pg. 1-2.) The Complaint then contains "Introduction," "Jurisdiction, Venue & Intradistrict Assignment," and "Legal Basis for the Claims" sections consisting solely

---

requested that Plaintiff amend the Complaint to resolve these issues, wherein it has discussed Plaintiff's failure to plead that she was called on an ATDS or prerecorded voice. Plaintiff has nonetheless refused to amend voluntarily.

of argument and legal conclusions (*id*. at ¶¶ 1-26), followed by a "Common Factual Allegations" section consisting of "information and belief" allegations from Plaintiff's counsel (*id*. at ¶¶ 27-28).

Plaintiff's own factual allegations can be found in the "Facts Specific to Plaintiff" section of the Complaint. (*See* Complaint at ¶¶ 29-42.) Plaintiff alleges that on November 30, 2017, she received a call on her cellular phone "claiming to be Defendant." (*Id*. ¶ 31.) The Complaint contains no other information regarding this call. She does not allege whether or not she answered the call. She does not allege whether or not the caller left a message. She does not allege that she was presented with any kind of prerecorded message. Nor does she allege that there was a delay at the start of this call or *any* other facts conceivably indicative of the use of an ATDS. And while Plaintiff alleges that she was called "at least twice" (*id*. at ¶ 34), the Complaint does not contain any details or allegations regarding any other purported calls—even the date of the purported second call is missing—and Plaintiff certainly does not contend that Defendant called her at any frequency.

After the "Facts Specific to Plaintiff" section of the Complaint, all that remains is legal argument and conclusions. This includes Plaintiff's counsel's efforts to avoid dismissal under *Spokeo v. Robins*, 136 S. Ct. 1540 (2016) (*see* Complaint at ¶¶ 43-52), their class action allegations and class definitions (*see id*. at ¶¶ 53-72), and finally, the recitation of Plaintiff's Causes of Action (*see id*. at ¶¶ 73-92). For each of the three Causes of Action, Plaintiff begins by incorporating her prior factual allegations, and then defines the legal nature of her claim. (*See id*.) With respect to her Second Cause of Action—defined as the "Cell Phone Claim"—Plaintiff incorporates her prior allegations (*id*. at ¶ 80), and then alleges that the "foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA (*id*. at ¶ 81).

She then states that "Defendants contacted Plaintiff and members of the Cell Phone Class, on their cellular phones using an ATDS" (*id*. at ¶ 82) before alleging her purported legal and equitable remedies (*id*. at ¶¶ 83-85).

## STANDARD OF REVIEW

In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 662, 678. If the "complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility' of entitlement to relief.'" *Id*. (citation omitted). "[T]he pleading standard [of] Rule 8 . . . demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id*.; *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense," and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678-79; *see Morman v. Campbell County Memorial Hospital*, 632 Fed. Appx. 927 (10th Cir. 2015) (granting motion to dismiss because bare allegations of a common practice or policy failed to plausibly allege the existence of the purported common practice or policy); *Khalik*, 671 F.3d at 1193-94 (granting motion to dismiss claim premised on "general assertions of discrimination and retaliation"). As established in *Iqbal*, courts should "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678.

4

## ARGUMENT

As Plaintiff alleges in her Complaint, the TCPA prohibits the use of an ATDS or prerecorded voice to make certain calls without consent.  (*See* Complaint at ¶¶ 16-17.)  Indeed, to plead a TCPA claim, a plaintiff must plausibly allege: (1) that defendant made a call; (2) "using any automatic telephone dialing system or an artificial or prerecorded voice";[2] and (3) "to any telephone number . . . []."  *Rallo v. Palmer Administrative Services, Inc.*, 2019 WL 1468411 at * 2, Case No. 18-cv-01510-RM-MEH (D. Colo. April 3, 2019) (citing *Forrest v. Genpact Servs., LLC*, 962 F. Supp. 2d 734 (M.D. Pa. 2013) and 47 U.S.C. § 227(b)(1)(A)(iii)).  Plaintiff's Second Cause of Action[3] should be dismissed because she fails to plausibly allege that Defendant called her using an ATDS or with a prerecorded voice.

In the specific context of a TCPA claim, a plaintiff "plausibly alleges a call originated from an ATDS when [the alleged call] has characteristics of an automated call," such as a prerecorded message or a delay before the caller spoke.  *Rallo*, 2019 WL 1468411 at * 3 (citing *Asher v. Quiken Loans, Inc.*, 2019 WL 131854 at *3, Case No. 2:17-cv-1203 (D. Utah Jan. 8, 2019); *Sessions v. Barclays Bank Del.*, 317 F. Supp. 3d 1208, 1213 (N.D. Ga. 2018); *Vance v. Bureau of Collection Recovery LLC*, 2011 WL 881550 at * 3, Case No. 10-cv-06324 (N.D. Ill. Mar. 11, 2011); *see also Montinola v. Synchrony Bank*, 2018 WL 4110940 at * 3, Case No. 17-8963 (D.N.J. Aug. 28, 2018) ("Plaintiff believes Defendant called her at least 133 times within a short period of time.  These allegations, however, do not lead to a reasonable inference that

---

[2] An ATDS is defined as "equipment which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator; and . . . to dial such numbers." 47 U.S.C. § 227(a)(1).

[3] Note that Plaintiff's Second Cause of Action is vague and potentially duplicative of her First and Third Causes of Action.  At a minimum, Plaintiff should be ordered to specify the specific provisions of the TCPA upon which this claim is based.

Defendant used an ATDS. For example, Plaintiff does not provide any factual allegation as to whether there was a pause at the beginning of the call, whether the voice on the other end sounded robotic, or whether the calls all came from the same number."); *Musenge v. SmartWay of the Carolinas, LLC*, 2018 WL 4440718 at * 3, Case No. 3:15-cv-153-RJC-DCK, (W.D.N.C. Sep. 17, 2018) ("That being said, some level of factual allegation [regarding the defendant's use of an ATDS] is required. Simply attaching reproductions of text messages with no further connection to her specific allegations is insufficient. Plaintiff fails to state a claim under the TCPA."); *Douek v. Bank of Am. Corp.*, 2017 WL 3835700 at * 2, Case No. 17-2313 (D.N.J. Aug. 28, 2017) ("Importantly, the Complaint makes absolutely no factual allegations about the content of the alleged calls and text messages, nor does the Complaint provide any factual allegation about whether the calls and text messages were automated or prerecorded. Other Courts, including Courts within this District, have found that 'a bare allegation that defendants used an ATDS is not enough.') (collecting cases) (emphasis added); *Trenk v. Bank of Am.*, 2017 WL 4170351 at ** 1-3, Case No. 17-3472 (D.N.J. Aug. 28, 2017) (same); *Priester v. eDegreeAdvisor, LLC*, 2017 WL 4237008 at * 2, Case No. 5:15-cv-04218-EJD (N.D. Cal. Sep. 25, 2017) ("At the outset, the court rejects any contention that a TCPA plaintiff's pleading obligation is satisfied by generically alleging the use of an ATDS by a defendant, in a manner that simply parrots the statutory language. Finding otherwise would eviscerate the plausibility standard to which complaint's allegations must adhere under Rule 8."); *Curry v. Synchrony Bank, N.A.*, 2015 WL 7015311 at ** 2-3, Case No. 1:15CV322-LG-RHW (S.D. Miss. Nov. 12, 2015) ("The majority of courts to have considered the issue [] have found that a plaintiff's bare allegation that a defendant used an ATDS is not enough. [] [I]t is entirely reasonable to demand that plaintiffs provide sufficient information about the timing and content of the calls they

receive to give rise to the reasonable belief that an ATDS was used.") (collecting cases) (emphasis added).

The foregoing authorities do not require a TCPA plaintiff to allege the make and model of the ATDS allegedly used by the defendant. But they make perfectly clear that neither Plaintiff's factual allegation that "Defendant called [her] at least twice" (Complaint ¶ 34), nor her counsel's boilerplate allegation that Defendant used an ATDS in their recitation of the elements of a TCPA claim (*id*. at ¶ 82), are sufficient for Plaintiff to meet her burden of plausibly alleging this element of her Second Cause of Action. Defendant recognizes, of course, that in this situation leave to amend is freely given. *If* Plaintiff can allege *any* facts plausibly suggestive of the use of an ATDS or prerecorded voice by Defendant, she must do so. But Defendant is confident that she cannot meet even this modest burden, at least not in good faith, as Defendant has already explained to Plaintiff's counsel that it did not call Plaintiff using an ATDS or prerecorded voice—in addition to explaining that Plaintiff stayed at a Wyndham hotel shortly before she was allegedly called and that she is a Wyndham Rewards Member and consented to receive promotional calls.

## CONCLUSION

Plaintiff has failed to plead any facts plausibly suggestive of Defendant's use of an ATDS or prerecorded voice to call Plaintiff in violation of the TCPA. The "Facts Specific to Plaintiff" section of the Complaint—the *only* section of the Complaint containing factual allegations based on Plaintiff's own alleged experiences—is absolutely silent on this issue, and her counsel's boilerplate and unadorned allegation in its recitation of the elements of her Second Cause of Action is wholly conclusory and insufficient as a matter of law. Plaintiff's Second Cause of Action should be dismissed.

Dated:  May 31, 2019                              DAVIS GRAHAM & STUBBS LLP

*/s/ Jennifer S. Allen*
Thomas P. Johnson, CO Reg. #13099
Jennifer S. Allen, CO Reg. # 48622
1550 17th Street, Suite 500
Denver, CO  80202
Telephone: (303) 892-9400
Fax:         (303) 893-1379
Email:  tom.johnson@dgslaw.com
Email:  jennifer.allen@dgslaw.com


*/s/ Jean-Paul P. Cart*
Jean-Paul P. Cart
(application for admission pending)
SCHIFF HARDIN LLP
Four Embarcadero Center
Suite 1350
San Francisco, CA 94111
Telephone: 415-901-8732
jcart@schiffhardin.com

*Attorneys for Defendant Wyndham Vacation Resorts, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 31st day of May 2019 the foregoing **DEFENDANT WYNDHAM VACATION RESORTS, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND CAUSE OF ACTION** was filed and served via CM/ECF on the following:

Todd M. Friedman (CA SBN 216752)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard Street, Suite 780
Woodland Hills, CA 91367
Telephone: (866) 598-5042
Facsimile: (866) 633-0028
tfriedman@toddflaw.com

John P. Kristensen
KRISTENSEN WEISBERG, LLP
12540 Beatrice Street, Suite 200
Los Angeles, California 90066
Telephone: (310) 507-7924
Fax: (310) 507-7906
john@kristensenlaw.com

Jarrett L. Ellzey
HUGHES ELLZEY, LLP
2700 Post Oak Boulevard, Suite 1120
Houston, Texas 77056
Telephone: (713) 554-2377
Fax: (888) 995-3335
jarett@hughesellzey.com

                                              *s/ Paige Finnell*
                                              Paige Finnell