Todd M. Friedman (CA SBN 216752)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard Street, Suite 780
Woodland Hills, CA 91367
Telephone: (866) 598-5042
Facsimile: (866) 633-0028
*tfriedman@attorneysforconsumers.com*

| | |
|---|---|
| John P. Kristensen (CA SBN 224132) | Jarrett L. Ellzey (*Pro Hac Vice*) |
| **KRISTENSEN WEISBERG, LLP** | **HUGHES ELLZEY, LLP** |
| 12540 Beatrice Street, Suite 200 | 2700 Post Oak Boulevard, Suite 1120 |
| Los Angeles, California 90066 | Houston, Texas 77056 |
| Telephone: (310) 507-7924 | Telephone: (713) 554-2377 |
| Fax: (310) 507-7906 | Fax: (888) 995-3335 |
| *john@kristensenlaw.com* | *jarrett@hughesellzey.com* |

*Attorneys for Plaintiff and all others similarly situated*

# THE UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| MAIVA MAREE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WYNDHAM VACATION RESORTS, INC.; and DOE INDIVIDUALS, inclusive, and each of them,<br><br>Defendants. | Case No.: 1:19-cv-00386-JLK<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND CAUSE OF ACTION** |

# TABLE OF CONTENTS

**MEMORANDUM OF POINTS AND AUTHORITIES** ................................................. **1**

    **I.**    **INTRODUCTION** .................................................................................. **1**

    **II.**   **SUMMARY OF THE CASE** ................................................................. **2**

    **III.**  **LEGAL STANDARD** ............................................................................ **3**

    **IV.**  **PLAINTIFF HAS MET THE PLEADING STANDARDS OF THE TELEPHONE CONSUMER PROTECTION ACT** ........................................ **4**

    **V.**   **IF THE COURT GRANTS DEFENDANT'S MOTION, THE COURT MUST GRANT PLAINTIFF LEAVE TO AMEND** ................................... **7**

    **VI.**  **CONCLUSION** ..................................................................................... **8**

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ....................................................................... 1, 2, 3, 4

*Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*,
  353 F.3d 832 (10th Cir. 2003) ............................................................... 9

*Barker ex rel. U.S. v. Columbus Reg'l Healthcare Sys., Inc.*,
  977 F.Supp.2d 1341 (M.D. Ga. 2013) .................................................... 2

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ....................................................................... 1, 2, 3, 7

*Dennis v. Watco Cos., Inc.*,
  631 F.3d 1303 (10th Cir. 2011) ............................................................. 4

*Flores v. Adir Int'l, LLC*,
  2017 WL 1101103 (9th Cir. Mar. 24, 2017) ......................................... 8

*Jason Alcaraz v. Adobe Systems Inc.*,
  No. 8:16-CV-00184-CJC-JCG ............................................................. 8

*Johansen v. Vivant, Inc.*,
  2012 U.S. Dist. LEXIS 178558 (N.D. Ill. Dec. 18, 2012) .................... 7

*Jordan–Arapahoe, LLP v. Bd. of County Comm'rs of County of Arapahoe*,
  633 F.3d 1022 (10th Cir. 2011) ............................................................. 4

*Lee v. Stonebridge Life Ins. Co.*,
  2013 U.S. Dist. LEXIS 19774 (N.D. Cal. Feb. 12, 2013) .................... 7

*Meyer v. Portfolio Recovery Assocs., LLC*,
  2011 U.S. Dist. LEXIS 156610 (S.D. Cal. Sept. 14, 2011) .................. 6

*Mims v. Arrow Fin. Servs. LLC*,
  132 S. Ct. 740 (2012) ............................................................................ 5

*Satterfield v. Simon & Schuster, Inc.*,
  569 F.3d 946 (9th Cir. 2009) ............................................................. 5, 6

*St. Paul Fire & Marine Ins. Co. v. Onvia, Inc.*,
  2007 U.S. Dist. LEXIS 11650 (W.D. Wash. Feb. 16, 2007) ................ 4

*Swanson v. Citibank, N.A.*,
  614 F.3d 400 (7th Cir. 2010) ................................................................ 3

*York v. Cherry Creek Sch. Dist. No. 5*,
  232 F.R.D. 648 (D.Colo. 2005) ............................................................. 9

**Statutes**

47 U.S.C. § 227(a)(1) ................................................................................................................6

47 U.S.C. § 227(b)(1)(A)(iii)......................................................................................................6

47 U.S.C. § 227, *et seq.* ............................................................................................................4

**Rules**

Fed. R. Civ. P. 12(b)(6) .....................................................................................................2, 4, 9

**Regulations**

18 F.C.C.R. 16972 .....................................................................................................................5

*Rules and Regulations Implementing The Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014 (2003), F.C.C. Comm'n Order No. 03-153 ........5

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Maiva Maree ("Plaintiff" or "Maree"), individually and on behalf of all others similarly situated, files this Memorandum of Law in Opposition to defendant Wyndham Vacation Resorts, Inc.'s ("Defendant" or "Wyndham") Motion to Dismiss Plaintiff's Second Cause of Action [Dkt. No. 13].

## I. INTRODUCTION

This is a simple TCPA lawsuit.[1] The second cause of action is for violating the TCPA ban on calling cellular telephones using an Automatic Telephone Dialing System ("ATDS"). Plaintiff, to meet the initial burden of proof, need only show that Defendant called Plaintiff on her cellular phone using an ATDS. In response to this claim, Wyndham has been struck by what the Honorable Clay Land aptly diagnosed as "*Twombly/Iqbal* compulsion":

> Since *Twombly* was decided, many lawyers have felt compelled to file a motion to dismiss in nearly every case, hoping to convince the Court that it now has the authority to divine what the plaintiff may plausibly be able to prove rather than accepting at the motion to dismiss stage that the plaintiff will be able to prove his allegations. These motions, which bear a close resemblance to summary judgment motions, view every factual allegation as a mere legal conclusion and disparagingly label all attempts to set out the elements of a cause of action as "bare recitals." They almost always, either expressly or, more often, implicitly, attempt to burden the plaintiff with establishing a reasonable likelihood of success on the merits under the guise of the "plausibly stating a claim" requirement. While these cautious lawyers, who have been encouraged by *Twombly* and *Iqbal*, have parsed the *Twombly* decision to extract every helpful syllable, they often ignore a less well known (or at least less frequently cited) admonition from *Twombly*: "[O]f course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 . . . . Finding the *Twombly*/*Iqbal* urge

---

[1] Telephone Consumer Protection Act. *See generally* Dkt. No. 1, Plaintiff's Original Class Action Complaint ("Complaint").

> irresistible, many lawyers fail to appreciate the distinction between determining whether a claim for relief is "plausibly stated," the inquiry required by *Twombly/Iqbal*, and divining whether actual proof of that claim is "improbable," a feat impossible for a mere mortal, even a federal judge.

*Barker ex rel. U.S. v. Columbus Reg'l Healthcare Sys., Inc.*, 977 F.Supp.2d 1341, 1346 (M.D. Ga. 2013).

*Twombly* and *Iqbal* did not rewrite Federal Rule of Civil Procedure 12(b)(6) or abandon notice pleading. Again, to survive a motion to dismiss, a complaint must contain sufficient factual matters, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 556 U.S. at 678.

Here, Wyndham claims to lack notice about Plaintiff's claim because the complaint failed to mention that there was a pause at the beginning of the call, or that Plaintiff did not identify the type of ATDS used. That is not required and the notion has been universally rejected. The crux of Defendant's 12(b)(6) arguments rests on an erroneous assertion that Plaintiff has not adequately pled (and cannot plead) that Defendant placed the calls to Plaintiff's cellular phone, via an ATDS, which Plaintiff alleges violate the TCPA. Instead, under the *Iqbal* and *Twombly* plausibility standard, Plaintiffs are merely required to describe a scenario the court can consider and ask itself "…*could* these things have happened, not *did* they happen." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

Accordingly, the Court should deny Defendant's motion to dismiss.

## II.   SUMMARY OF THE CASE

Plaintiff filed this case after Wyndham repeatedly called Plaintiff's cellular phone as part of its nationwide marketing blitz. On or about August 26, 2005, Plaintiff registered her cellular phone number with the area code (303) and ending in 9345 with the National Do Not Call Registry. (*See* Complaint, ¶ 29.)

Beginning on or about November 30, 2017 at 8:25 p.m., Plaintiff began receiving calls on her cellular telephone from the number (407) 967-4715, claiming to be Defendant. (*See* Complaint, ¶ 31.) Plaintiff never provided Defendant with prior consent or invitation or permission to contact her on her phone via a text message or telephone call. (*See* Complaint, ¶ 33.) Defendant called her at least twice during a twelve-month period. (*See* Complaint, ¶ 34.) Plaintiff specifically told Defendant to stop calling. Yet, the calls continued.[2] (*See* Complaint, ¶ 35.) Defendant contacted Plaintiff and members of the class, on their cellular phones using an ATDS. (*See* Complaint, ¶ 82.) The calls were not for emergency purposes. (*See* Complaint, ¶ 37.)

### III. LEGAL STANDARD

In analyzing a motion filed pursuant to Rule 12(b)(6), the court must "accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Jordan–Arapahoe, LLP v. Bd. of County Comm'rs of County of Arapahoe,* 633 F.3d 1022, 1025 (10th Cir. 2011). To survive a motion to dismiss under Rule 12(b)(6), "a plaintiff must allege that 'enough factual matter, taken as true, [makes] his claim for relief ... plausible on its face.'" *Id*. (quotation and internal quotation marks omitted). "A claim has facial plausibility when the [pleaded] factual content [ ] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal,* 556 U.S. 662).

A plaintiff "must include enough facts to 'nudge[ ][its] claims across the line from conceivable to plausible.'" *Dennis v. Watco Cos., Inc.,* 631 F.3d 1303, 1305 (10th Cir. 2011) (quotation omitted).

---

[2] Defendant inserted a nearly half page footnote on the first page of its motion addressing ancillary points not before the Court in this Motion. Plaintiff disputes those points. This was improper and done simply to smear Plaintiff and her counsel.

## IV. PLAINTIFF HAS MET THE PLEADING STANDARDS OF THE TELEPHONE CONSUMER PROTECTION ACT

The Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") is "aimed at protecting recipients from the intrusion of receiving unwanted communications." *St. Paul Fire & Marine Ins. Co. v. Onvia, Inc.,* 2007 U.S. Dist. LEXIS 11650, at *11 (W.D. Wash. Feb. 16, 2007). Indeed, the U.S. Supreme Court has noted that consumers are outraged over the proliferation of automated telephone calls that are intrusive, nuisance calls, found to be an invasion of privacy by Congress. *See Mims v. Arrow Fin. Servs. LLC,* 132 S. Ct. 740, 745 (2012).

Congress enacted the TCPA in 1991 amidst an unprecedented increase in the volume of telemarketing calls to consumers in America; the TCPA combats the threat to privacy[3] being caused by the automated marketing practices, stating it is unlawful:

> (A) **to make any call** (other than a call made for emergency purposes or made with the prior express consent of the called party) **using any automatic telephone dialing system** or an artificial or prerecorded voice—. . .

---

[3] *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (The "TCPA was enacted in response to an increasing number of consumer complaints arising from the increased number of telemarketing calls," and that "consumers complained that such calls are a 'nuisance and an invasion of privacy.'"). The Federal Communications Commission ("FCC") confirmed in 2003 that "telemarketing calls are even more of an invasion of privacy than they were in 1991," and "we believe that the record demonstrates that telemarketing calls are a substantial invasion of residential privacy, and regulations that address this problem serve a substantial government interest." *Rules and Regulations Implementing The Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014 (2003), F.C.C. Comm'n Order No. 03-153, modified by 18 F.C.C.R. 16972.

> (iii) **to any telephone number assigned to a** paging service, **cellular telephone service**...

47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added). According to the express text of the TCPA, the statute requires the calls to be made with an ATDS, which Congress defines as "equipment which has the *capacity* (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1) (emphasis added).

To demonstrate a TCPA violation, Plaintiff need only show that Defendant (1) placed a call using an automatic telephone dialing system; (2) to any telephone number assigned to a cellular telephone service; (3) without the prior express consent of the Plaintiff.[4] *See Meyer v. Portfolio Recovery Assocs., LLC,* 2011 U.S. Dist. LEXIS 156610, *21 (S.D. Cal. Sept. 14, 2011). Section 227(b)(1) of the TCPA expressly applies to "any call" made using an ATDS. 47 U.S.C. § 227(b)(1). A single automated call placed via an ATDS without prior express consent violates the TCPA. *See Satterfield,* 569 F. 3d at 956. Contrary to the argument presented in Defendant's Motion, Plaintiff has adequately pled that Defendant uses an ATDS.

Furthermore, "it is unreasonable to require a plaintiff in a TCPA complaint, without the benefit of discovery, to elaborate on the specific technical details of a defendant's alleged ATDS, such as what type of machines were used to make a call or how those machines functioned." *See Johansen v. Vivant, Inc.*, 2012 U.S. Dist. LEXIS 178558, at *11 (N.D. Ill. Dec. 18, 2012). The Northern District of California succinctly explained that whether an ATDS was used "should be addressed largely through merits-based discovery into defendants'

---

[4] Notably, Defendant does not challenge the sufficiency of Plaintiff's allegation that Plaintiff was called on his "cellular" telephone, or that the initial call was placed without prior express consent of Plaintiff, which must mean that Defendant believes these elements are properly pled.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**
**PLAINTIFF'S SECOND CAUSE OF ACTION**
–5–

records." *Lee v. Stonebridge Life Ins. Co.*, 2013 U.S. Dist. LEXIS 19774, at *10 (N.D. Cal. Feb. 12, 2013). An analysis of a similar issue in the oft-cited decision of *In re Jiffy Lube Intern., Inc., Text Spam Litigation*, is directly on point:

> "Plaintiffs have also sufficiently alleged that the messages came from an ATDS…Plaintiffs have stated that they received a text message from an SMS short code and that the message was sent by a machine with the capacity to store or produce random telephone numbers. While additional factual details about the machines might be helpful, further facts are not required to move beyond the pleading stage. It is possible that further litigation will determine that no ATDS was used, but the complaint has pleaded enough facts 'to raise a right to relief above the speculative level.' *Twombly*, 550 U.S. 544, 555 (2007).

*In re Jiffy Lube Intern., Inc., Text Spam Litigation*, 847 F.Supp.2d 1253, 1260 (S.D. Cal. 2012).

Plaintiff has articulately pled that Defendant calls to her personal cellular telephone without his prior express consent using an automatic telephone dialing system. (*See* Complaint, ¶¶ 28-39, 82.) It is disingenuous of Defendant to argue that Plaintiff has not plead ***any facts*** that allow this Court to infer that the calls were made by means of an autodialer, when Plaintiff has alleged that the calls she received calls were made by Defendant's to solicit its services to her, perceivably as part of a mass marketing campaign. It was not a single overly ambitious front desk at a Wyndham hotel randomly looking to get ahead by calling random consumers. Without the benefit of discovery, it is hard to imagine what more Defendant suggests that Plaintiff include to establish the use of an ATDS.

The Ninth Circuit when faced with a TCPA complaint with nearly identical allegations summarily reversed the District Court for granting a similar a Motion to Dismiss in *Flores v. Adir Int'l, LLC*, 2017 WL 1101103, at *1 (9th Cir. Mar. 24, 2017). A nearly identical motion was brought in the Central

District of California in the matter of *Jason Alcaraz v. Adobe Systems Inc.*, No. 8:16-CV-00184-CJC-JCG, Dkt. No. 14. The Court denied Defendant's Motion to Dismiss, noting that as to plausibility requirement:

> At this stage in the litigation, Alcaraz need not show that the calls were made in a way inconsistent with hand-dialing or with a machine that would not qualify as an ATDS, and he need not show that it is more likely than not that the calls were made with an ATDS—he need only show that it is plausible that an ATDS was used to make the calls. This Court finds it perfectly plausible that a large organization making multiple calls to a consumer to collect a debt would make those calls using an ATDS. *Alcaraz*, No. 8:16-CV-00184-CJC-JCG, Dkt. No. 21.

Plaintiff's allegations fall in line with this reasoning that it is plausible that Defendant, as part of a mass solicitation campaign, placed calls to consumers using an ATDS. This Court must accept Plaintiff's pled facts as true, especially at the pleading stage. Plaintiff's pled facts speak for themselves on this issue, and Defendant's arguments are easily dispatched.

## V. IF THE COURT GRANTS DEFENDANT'S MOTION, THE COURT MUST GRANT PLAINTIFF LEAVE TO AMEND

It is recognized in the Tenth Circuit that, before granting a motion to dismiss for failure to state a claim, the "court should **freely give leave** (to amend the pleadings) when justice so requires." *See Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D.Colo. 2005).

As Plaintiff has asserted throughout this Memorandum, Plaintiff has plead sufficient facts to overcome a Rule 12(b)(6) Motion to Dismiss, but should the Court rule that she has not, Plaintiff seeks leave to amend freely with additional facts to meet that low burden. Plaintiff's amendments would not be "futile" as they could add additional facts and documents to support her claims at the

pleading stage, if the Court rules it to be required.[5]

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court deny Defendant's Motion to Dismiss.

Dated: June 27, 2019

Respectfully submitted,

By: */s/ John P. Kristensen*

John P. Kristensen (SBN 224132)
**KRISTENSEN WEISBERG, LLP**
12540 Beatrice Street, Suite 200
Los Angeles, California 90066
Telephone: (310) 507-7924
Fax: (310) 507-7906
*john@kristensenlaw.com*

***Attorneys for Plaintiff and all others similarly situated***

---

[5] Regardless of the Court's decision on the Motion to Dismiss the Second Cause of Action, this matter should proceed to discovery at this time. There was no formal challenge to Plaintiff's other two causes of action. Plaintiff respectfully requests a Status Conference or an Order for the parties to conduct a Rule 26 Conference.

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following ECF participants:

Jennifer Savage Allen
Davis Graham & Stubbs, LLP-Denver
1550 17th Street
Suite 500
Denver, CO 80202
303-892-7376
Fax: 303-893-1379
Email: jennifer.allen@dgslaw.com

Thomas P. Johnson
Davis Graham & Stubbs, LLP-Denver
1550 17th Street
Suite 500
Denver, CO 80202
303-892-9400
Fax: 303-893-1379
Email: tom.johnson@dgslaw.com

*/s/Vanessa Brahm*
Vanessa Brahm