**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-00386-JLK

Maiva Maree,
*Individually and on behalf of all others similarly situated*,

                Plaintiffs,

v.

Wyndham Vacation Resorts, Inc. and Doe Individuals,
*Inclusive, and each of them,*

                Defendants.

---

**DEFENDANT WYNDHAM VACATION RESORTS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

---

## INTRODUCTION

Plaintiff Maiva Maree's ("Plaintiff") Motion for Leave to File First Amended Complaint (Dkt. 19) (the "Motion") reflects an attempt to evade her pleading requirements through bad faith allegations, for the sole purpose of pulling this case into costly discovery in order to leverage a settlement of claims that are wholly without merit. That the Motion is untimely and being brought in bad faith is readily apparent from the history of this case, as Defendant Wyndham Vacation Resorts, Inc. ("Defendant") met and conferred with Plaintiff in good faith for several weeks regarding her Complaint, but Plaintiff refused to acknowledge, address, or remedy the many obvious problems with her pleading. This forced Defendant to prepare and file its

successful Motion to Dismiss, which Plaintiff knew full-well was avoidable and would be granted.  The Motion should be denied due to Plaintiff's delay and bad faith.

## STATEMENT OF FACTS

**A. History of Meet and Confer Efforts.**

Pursuant to L.R. 7.1(a), Defendant attempted to meet and confer with Plaintiff regarding the many deficiencies and inaccuracies in her original Complaint.  These efforts revolved around two issues:

First, Defendant informed Plaintiff that her Complaint contained verifiable and material falsehoods that she had an ethical obligation to correct by filing an amended pleading.  In particular, Plaintiff's allegation that she had never done business with Defendant was false—she stayed at a Wyndham hotel (which was then affiliated with Defendant) on July 28, 2017 and enrolled in the Wyndham rewards program at that time.  Plaintiff never denied these facts, but nonetheless refused to amend.  Notably, Plaintiff's proposed First Amended Complaint repeats her denial of having done business with Defendant.

Second, Defendant explained to Plaintiff, in detail, that it never called her using an Automatic Telephone Dialing System ("ATDS"), and that its records clearly and unambiguously reflected that Defendant called Plaintiff twice—both calls being placed by a live operator who was unable to reach Plaintiff.  While Plaintiff argued that only full-blown discovery could convince her that Defendant did not use an ATDS, her repeated silence on one issue is noteworthy.  While Plaintiff's proposed First Amended Complaint contains allegations that Defendant called her using a "pre-recorded voice," this claim was <u>absolutely nowhere</u> to be found in: (1) any of the parties' meet and confer discussions; (2) Plaintiff's original Complaint; or (3) Plaintiff's opposition to the Motion to Dismiss—in which she had an obligation to

demonstrate why amendment would not be futile.  And to be clear, <u>Defendant's counsel spoke with Plaintiff's counsel to discuss her pending request for leave to amend, and Plaintiff's counsel *still* never suggested that Plaintiff was called with a pre-recorded voice.</u>

**B. Procedural History**

Plaintiff filed her original Complaint over six months ago, on February 12, 2019. (Dkt. No. 1.)  Plaintiff alleged that on November 30, 2017, she received a call on her cellular phone "claiming to be Defendant." (*Id*. ¶ 31.)  The Complaint contained no other information regarding this call.  Plaintiff did not allege whether or not she answered the call.  She did not allege whether or not the caller left a message.  <u>She did not allege that she was presented with any kind of prerecorded message.</u>  Nor did she allege that there was a delay at the start of this call or *any* other facts conceivably indicative of the use of an ATDS.

On May 31, 2019, Defendant filed its Motion to Dismiss Plaintiff's Second Cause of Action.  (Dkt. No. 13.)  In the Motion to Dismiss, Defendant argued that—having done nothing but parrot the language of the Telephone Consumer Protection Act ("TCPA")—Plaintiff had failed to plausibly allege that Defendant called her using an ATDS.  This Court agreed, and granted the Motion to Dismiss on July 17, 2019.  (Dkt. No. 18.)

**ARGUMENT**

While leave to amend is often freely given, the Tenth Circuit has recognized that "untimeliness alone [is] a sufficient reason to deny leave to amend, 'especially when the party filing the motion has no adequate explanation for the delay.'" *Pallottino v. City of Rio Rancho*, 31 F. 3d 1023, 1027 (10th Cir. 1994) (quoting *Frank v. U.S. West, Inc*, 3 F. 3d 1357, 1365 (10th Cir. 1993)).  Moreover, "[w]here [a] party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original

complaint, the motion to amend is subject to denial." *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir.1984). Bad faith by the party seeking to amend is also grounds for denial. *Frank*, 3 F. 3d at 1365.

In her Motion for Leave, Plaintiff makes absolutely no attempt to justify her prior stubborn reliance on her deficient Complaint. Even assuming for sake of argument that Plaintiff actually believes her surprising and contradictory[1] new claims that Defendant called her with a pre-recorded message following a several second delay, there is no excuse for it not to have been included in the Complaint. Had Plaintiff made these allegations in the Complaint or an earlier amended pleading, Defendant may not have needed to file the Motion to Dismiss (or repeated motions to dismiss), and the Court would not have been forced to expend its own resources on it.

That Plaintiff refused to make her newly proposed allegations sooner is even more inexplicable in light of *Rallo v. Palmer Administrative Services, Inc.*, 2019 WL 1468411, (D. Colo. April 3, 2019). Defendant repeatedly cited *Rallo* in its Motion to Dismiss, as did the Court in its order granting the Motion to Dismiss. This is significant. Plaintiff's counsel in this case also represented the plaintiff in *Rallo*—which was brought as a putative class action but appears to have settled on an individual basis. The complaint in *Rallo* was similar to Plaintiff's original Complaint, and deficient for all of the same reasons. Thus, having surely been aware of this court's recent decision in *Rallo*, Plaintiff knew that Defendant's Motion to Dismiss would be granted but nonetheless refused to amend.

---

[1] To be clear, Plaintiff now seeks to make the wholly implausible and contradictory claim that she told a purportedly "pre-recorded voice" to stop calling her. This is simply Plaintiff's attempt to avoid accidentally jettisoning her Third Cause of Action, which requires her to allege that Defendant ignored her request to be placed on a do-not-call list. It is also quite false, as Defendant never called Plaintiff with a pre-recorded voice and Defendant's operator never spoke with Plaintiff.

Defendant is, of course, mindful of the fact that leave to amend is often freely granted. But this is not a typical case of a merely sloppy or incomplete pleading needing to be fixed. Plaintiff filed a bare-bones Complaint and then refused to amend it, knowing full well that it did not meet her pleading obligations, and that it contained false information. She then opposed Defendant's Motion to Dismiss, despite the decision in *Rallo*, and without giving *any* indication of how she might be able to amend to state a claim. In meet and confer before filing her pending Motion for Leave—as in every single conversation or filing prior—Plaintiff never suggested that she would dramatically change course and allege that she was called with a "pre-recorded voice." Now, without any explanation or justification, she seeks to salvage her claim with new allegations that are flatly inconsistent with everything else she has told Defendant or the Court, which have been forced to needlessly expend time and resources as a result of Plaintiff's bad faith tactics. Accordingly, there are ample grounds for the Court to deny leave to amend.

## CONCLUSION

For the foregoing reasons, Defendant respectfully request that Plaintiff's Motion for Leave to File First Amended Complaint be denied.

Dated:  August 21, 2019

/s/ *Jean-Paul P. Cart*
Jean-Paul P. Cart
SCHIFF HARDIN LLP
Four Embarcadero Center
Suite 1350
San Francisco, CA 94111
Telephone: 415-901-8732
jcart@schiffhardin.com


Thomas P. Johnson, CO Reg. #13099
Jennifer S. Allen, CO Reg. # 48622
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO  80202
Telephone: (303) 892-9400
Fax:          (303) 893-1379
Email:  tom.johnson@dgslaw.com
Email:  jennifer.allen@dgslaw.com

*Attorneys for Defendant Wyndham Vacation Resorts, Inc.*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on this 21st day of August 2019 the foregoing **DEFENDANT WYNDHAM VACATION RESORTS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** was filed and served via CM/ECF on the following:

Todd M. Friedman (CA SBN 216752)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard Street, Suite 780
Woodland Hills, CA 91367
Telephone: (866) 598-5042
Facsimile: (866) 633-0028
tfriedman@toddflaw.com

John P. Kristensen
KRISTENSEN WEISBERG, LLP
12540 Beatrice Street, Suite 200
Los Angeles, California 90066
Telephone: (310) 507-7924
Fax: (310) 507-7906
john@kristensenlaw.com

Jarrett L. Ellzey
HUGHES ELLZEY, LLP
2700 Post Oak Boulevard, Suite 1120
Houston, Texas 77056
Telephone: (713) 554-2377
Fax: (888) 995-3335
jarett@hughesellzey.com

                                                   */s/ Jean-Paul P. Cart*
                                                    Jean-Paul P. Cart