## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-00386-JLK

MAIVA MAREE,
*Individually and on behalf of all others similarly situated,*

      Plaintiff,

v.

WYNDHAM VACATION RESORTS, INC.;
and DOE INDIVIDUALS,
*Inclusive, and each of them,*

      Defendants.

---

## PLAINTIFF MAIVA MAREE'S REPLY IN SUPPORT OF
## MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

---

### INTRODUCTION

Plaintiff MAIVA MAREE ("Plaintiff"), individually and on behalf of all other persons similarly situated, by and through her attorneys, bring this Reply in Support of Plaintiff's Motion for Leave to File First Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2). The proposed amended complaint maintains the counts and allegations against the same defendants from the original complaint, but accounts for additional factual pleadings, especially as they relate to the second element of Plaintiff's second cause of action, the claim brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, which alleges that defendants WYNDHAM VACATION RESORTS, INC. ("Defendant" or "Wyndham') and DOE INDIVIDUALS (collectively, "Defendants") made calls using an automated telephone dialing system ("ATDS") or prerecorded voice. Dkt. 19-1 & 19-2.

Wyndham filed an Opposition to Plaintiff's Motion for Leave to File First Amended Complaint [Dkt. 21] citing false allegations of Plaintiff "acting in bad faith for the sole purpose

of pulling this case into costly discovery in order to leverage a settlement of claims that are wholly without merit." Defendant has also mischaracterized to this Court the history of the meet and confer efforts between the parties. Finally, in an attempt to cloud the issues of the case-at-hand, Defendant attempts to highlight a separate case Plaintiff's counsel was involved in with a different plaintiff.

Defendant has failed to recognize the July 17, 2019 ruling from this Court which granted Defendant's Motion to Dismiss Plaintiff's Second Cause of Action, holding that Plaintiff's second cause of action was *without prejudice* in order to allow Plaintiff to file a motion for leave to amend her complaint pursuant to Rule 15(a). Dkt. 18. Plaintiff did just that, and filed a Motion for Leave to File First Amended Complaint to satisfy the pleading requirements as they relate to the second element of the TCPA claim—that Defendants made calls using an ATDS or a prerecorded voice. Dkt. 19, 19-1, 19-2 & 19-3. In its Opposition, Defendant failed to recognize the substance of the added allegations as they relate to the characteristics of the ATDS or prerecorded voice call Plaintiff received nor do they recognize the additional common factual allegations that Defendant has been involved in serial telemarketing since at least 2007, with a number of consumer complaints as it relates to unsolicited ATDS or prerecorded voice calls.

## STATEMENT OF FACTS

### A.    Meet and Confer Efforts

Pursuant to D.C. COLO.LCivR 7.1 (a), Plaintiff has made reasonable good faith efforts to confer with Defendant to resolve this disputed matter. Plaintiff requested notice from Defendant on whether they intended to oppose this Motion for Leave to File First Amended Complaint. The first telephonic attempt was made on Friday, July 26, 2019 and twice again by email later that day. Without notifying Plaintiff of Defendant's intent to oppose this Motion, Defendant's counsel requested a telephonic meeting to occur on Monday, July 29, 2019. Defendant's counsel then canceled the meeting on the morning of July 29, 2019. Additionally, on July 29, 2019, Plaintiff's counsel requested via email whether or not Defendant intended on opposing Plaintiff's

Motion for Leave to Amend the Complaint. No response from Defendant's counsel was ever received to Plaintiff's counsel's request.

In an attempt to reschedule after several failed attempts via email, Jacob Ventura, an associate with Plaintiff's counsel spoke to Jean-Paul P. Cart, an attorney for Defendant via telephone for the *sole purpose* of scheduling a meet and confer telephonic conference call that would include Plaintiff's counsel as well as the Defendant's counsel. In its Opposition, Defendant mischaracterized to this Court that this scheduling attempt satisfied the meet and confer. In fact, no date or time was even proposed by Defendant's counsel for the meet and confer conference and the call lasted for not more than one or two minutes. Defendant has failed to attempt to meet and confer with Plaintiff pursuant to L.R. 7.1(a).

### B.    Procedural History

Plaintiff filed this Class Action Complaint on February 12, 2019 alleging that Defendants violated the TCPA by making telemarketing calls using an automatic telephone dialing system, calling consumers without their prior express written consent or permission, and calling consumers listed on the Do Not Call Registry. Dkt. 1. On May 5, 2019, Defendant filed a Motion to Dismiss Plaintiff's Second Cause of Action for failure to state a claim. Dkt. 13. On July 17, 2019, the Court entered an Order granting Defendant's Motion to Dismiss Plaintiff's Second Cause of Action *without prejudice* in order to allow Plaintiff to file a motion for leave to amend her complaint. Dkt. 18.

Plaintiff filed her Motion for Leave to File First Amended Complaint with an accompanying proposed First Amended Complaint [Dkt. 19, 19-1, 19-2 & 19-3] based on this Court's Order Granting Defendant's Motion to Dismiss Plaintiff's Second Cause of Action [Dkt. 13]. On August 21, 2019, Defendant filed their Opposition to Plaintiff's Motion for Leave to File First Amended Complaint. Dkt. 21.

### ARGUMENT

If a plaintiff believes she can cure an inadequate complaint, she may move for leave to file an amended complaint under Rule 15(a). *Aspen Orthopaedics & Sports Medicine, LLC v.*

*Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003)*; see also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D.Colo. 2005). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224 (10th Cir. 2009) (*quoting Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

Here, the Court's Order dismissing Plaintiff's second cause of action was *without prejudice* and allowed for Plaintiff to file a motion to amend her complaint. Dkt. 13. In keeping with the Court's Order, Plaintiff sought to cure her complaint by amending it with additional facts to meet the low burden of plausibly pleading the second element of the TCPA claim that Defendants made calls to Plaintiff by using an ATDS or a prerecorded voice. Plaintiff believes the additional information about the nature of the calls she received is sufficient to plausibly plead the second element of the claim that Defendants' calls were automated or prerecorded.

First, Plaintiff did not delay in seeking leave to amend. Once this Court dismissed Plaintiff's second cause of action, Plaintiff's counsel attempted to meet and confer on several occasions with Defendant's counsel. The only delay that followed was Defendant's counsel failing to respond to Plaintiff on whether Defendant would oppose Plaintiff's request for leave. Further,

Second, Defendant in their opposition argues that Plaintiff acted with bad faith because she should have known the facts upon which the proposed amendment was based but failed to include them in the original complaint. Plaintiff argued in good faith that the facts included in the original complaint as to the second cause of action were sufficient under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). While the Court found otherwise, Plaintiff's arguments were made in good faith given that discovery has not yet begun in this matter. Plaintiff's proposed amendment seeks to include additional facts to supplement Plaintiff's prior allegations and does not seek to add an entirely new cause of action for which Defendants received no prior notice. As soon as this Court dismissed the second cause

4

of action without prejudice, Plaintiff was free to file a motion under Rule 15(a) requesting leave to amend her complaint. Plaintiff did so by adding additional facts to plausibly plead her second cause of action. Defendant's bad faith argument is a poor attempt to reverse the broad standard that leave to amend is often freely granted as set forth by the Tenth Circuit that Rule 15(a) is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.

Plaintiff has not unduly delayed in seeking this amendment. Plaintiff's amendments would not be "futile" and there is no undue prejudice to Defendant. Further, any minimal prejudice to the Defendant by the granting of Plaintiff's Motion is far outweighed by the harm to the Plaintiff who could be denied a full and fair opportunity to present her claims and have them decided on the merits. Other than highlighting issues of disputed facts between the parties that are appropriate for trial, Defendant, in its Opposition, has not articulated any reasons for this Court not to grant Plaintiff a leave to amend pursuant to Rule 15(a).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Leave to File the First Amended Complaint [Dkt. 19, 19-1, 19-2 & 19-3.].

Dated: September 4, 2019

s/ John P. Kristensen
**John P. Kristensen** (CA SBN 224132)
Kristensen Weisberg, LLP
12540 Beatrice Street, Suite 200
Los Angeles, California 90066
Telephone: (310) 507-7924
Facsimile:  (310) 507-7906
E-mail: john@kristensenlaw.com

**Todd M. Friedman** (CA SBN 216752)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard Street, Suite 780
Woodland Hills, California 91367
Telephone: (866) 598-5042
Facsimile:  (866) 633-0028
E-mail: tfriedman@toddflaw.com

**Jarrett L. Ellzey** *(Pro Hac Vice)*
Hughes Ellzey, LLP
1105 Milford Street
Houston, Texas 77006
Telephone: (713) 554-2377
Facsimile:  (888) 995-3335
E-mail: jarrett@hughesellzey.com

*Attorneys for Plaintiff Maiva Maree and all others
similarly situated*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2019, I electronically filed the foregoing **Plaintiff Maiva Maree's Reply in Support of Motion for Leave to File First Amended Complaint** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following ECF participants:

Jean-Paul P. Cart
Schiff Hardin LLP
Four Embarcadero Center
Suite 1350
San Francisco, CA 94111
415-901-8732
Email: jcart@schiffhardin.com

Thomas P. Johnson
Jennifer Savage Allen
Davis Graham & Stubbs, LLP-Denver
1550 17th Street
Suite 500
Denver, CO 80202
303-892-9400
Fax: 303-893-1379
Email: tom.johnson@dgslaw.com
Email: jennifer.allen@dgslaw.com

*/s/Tamara Tatum*
_____
Tamara Tatum